IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                    Plaintiff,

       v.

GERARDO VALTIERRA,

                    Defendant.

OPINION AND ORDER

13-cv-499-bbc
06-cr-126-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Defendant Gerardo Valtierra's motion for reconsideration of the denial of his July 10, 2013 motion for post conviction relief is before the court after briefing on one question, whether he has a valid claim for resentencing in light of the Supreme Court's recent opinion in Alleyne v. United States, 113 S. Ct. 420 (2013). In his motion for reconsideration, he alleges that at sentencing the court had determined the amount of cocaine for which he was responsible and that this was improper in light of Alleyne. This claim is no more successful than the ones he raised in his original motion, which were dismissed as untimely.

In Alleyne, the Supreme Court held for the first time that only the jury could determine the drug amounts that subject a defendant to a mandatory minimum sentence. This holding is of no help to defendant because the jury in his case did determine the minimum amounts of drugs for which he should be held responsible: at least five kilograms or more of powder cocaine and 50 grams or more of cocaine base. This finding meant that

1

the minimum mandatory sentence would set the floor for defendant's sentence.

At sentencing, I found that defendant was responsible for 194 kilograms of cocaine. The fact that this amount exceeded the five kilograms the jury had attributed to defendant was not a bar to sentencing defendant to a sentence considerably higher than the mandatory minimum sentence. It remains the court's task to decide where in the advisory guideline range a particular sentence should fall, once the jury has found the defendant responsible for the drug amounts that implicate the mandatory minimum sentence. Apprendi v. New Jersey, 530 U.S. 466 (2000) (not "impermissible for judges to exercise discretion—taking into consideration various factors relating both to offense and offender—in imposing a sentence *within the range* prescribed by statute").

Moreover, even if defendant had been sentenced above the mandatory minimum sentence in the absence of a jury finding that the drug amounts exceeded the amount justifying the minimum sentence, he could not challenge his sentence at this time. The decision in Alleyne has no effect on sentences imposed before June 17, 2013, Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013), and defendant was sentenced on February 16, 2007.

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must issue or deny a certificate of appealability when entering a final order adverse to a defendant. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Tennard v. Dretke, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that

matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted).  Defendant has not made a substantial showing of a denial of a constitutional right so no certificate will issue.

When the question in a post conviction motion is a close one, the rule allows a court to ask the parties to submit arguments on whether a certificate should issue.  In this case, the question is not close.  It is not a matter of debate that in defendant's case the jury determined the minimum amounts of drugs for which defendant should be held responsible at sentencing, which means that Alleyne has no application to his case.


ORDER

IT IS ORDERED that defendant Gerardo Valtierra's motion for reconsideration of his July 10, 2013 motion for post conviction relief under 28 U.S.C. § 2255 is DENIED for his failure to show that he is entitled to such relief.  Further, it is ordered that no certificate of appealability shall issue. Defendant may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered this 23d day of September, 2013.

                                              BY THE COURT:
                                              /s/
                                              BARBARA B. CRABB
                                              District Judge